United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHN ARENDAS, #36554,<br>Plaintiff,<br>v.<br>SGT. CHARLES ELLEBRECHT, et al.,<br>Defendant(s). | Case No. 20-cv-01678-CRB  (PR)<br>**ORDER OF DISMISSAL**<br>(ECF No. 4) |

On April 10, 2020, the court denied plaintiff's application to proceed in forma pauperis (IFP) in connection with this pro se prisoner action for damages for alleged unlawful arrest based on an invalid Washington state warrant because plaintiff: (1) has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious or fail to state a claim upon which relief may be granted, and (2) is not seeking relief from a danger of serious physical injury which was imminent at the time of filing. Apr. 10, 2020 Order (ECF No. 3) at 1-2 (applying 28 U.S.C. § 1915(g)). But under the law of the circuit, the court afforded plaintiff 28 days to show cause why § 1915(g) does not bar IFP status for him or pay the requisite $ 400.00 filing fee. The court made clear that failure to show cause or pay the requisite $ 400.00 filing fee within the designated time would result in the dismissal of this action without prejudice to bringing it in a new paid complaint. Id. at 2.

On April 27, 2020, plaintiff filed a motion arguing that the prior prisoner case dismissals of his cited by the court in its April 10, 2020 order should not count as strikes under § 1915(g) because they occurred back in 2010 when he was "unlearned" in the law. ECF No. 4 at 2. Plaintiff adds that the "3 strikes rule is for abusive reasons" and that the three cited prior prisoner actions of his were dismissed only for "failing to state a claim." Id. at 1-2. Plaintiff's argument is without merit. The unambiguous language of section 1915(g) makes clear that prior prisoner

actions dismissed for "fail[ure] to state a claim upon which relief may be granted" count as a strike. 28 U.S.C. § 1915(g); see Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). And plaintiff's pro se status and/or limited legal skills when he suffered these dismissals in 2010 does not affect whether the dismissals count as a strike under § 1915(g). See Arendas v. Vega, No. 2:19-cv-01332-TLN-EFB, 2019 U.S. Dist. LEXIS 219383, at *3 (E.D. Cal. Dec. 20, 2019) (rejecting plaintiff's same argument as here and explaining that pro se status does not affect analysis to determine whether prior dismissal constitutes a strike under § 1915(g)).

Because plaintiff has three or more strikes and does not qualify for the imminent danger exception, § 1915(g) bars him from proceeding IFP in this action. This action therefore is DISMISSED without prejudice to bringing it in a new paid complaint.

The clerk is instructed to close the file and terminate as moot the motion appearing on ECF as item number 4.

**IT IS SO ORDERED**.

Dated: June 12, 2020

_____
CHARLES R. BREYER
United States District Judge